IMPORT & EXPORT SERVICE CO. (WURZBURG DRY GOODS CO.)
v. UNITED STATES

No. 5476.—Invoices dated Berlin, Germany, May 11, 1938, and September 10, 1937.
Entered at Grand Rapids, Mich., June 13, 1938, and October 13, 1937.
Entry Nos. G–97 and G–39.

(Decided October 21, 1941)

*Tompkins & Tompkins* (*Allerton deC. Tompkins* of counsel) for the plaintiff.
*Charles D. Lawrence*, Acting Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

OLIVER, Presiding Judge: These appeals to reappraisement involve the proper dutiable value of certain Christmas-tree ornaments exported from Germany and imported at the port of Grand Rapids, Mich.

The cases have been submitted for decision on a stipulation entered into by and between counsel for the respective parties, wherein it is agreed, in substance, as follows:

(1) That the Christmas-tree ornaments in question were exported from Germany during the period from January, 1935, through December, 1938.

(2) That the instant merchandise is similar in all material respects to that which was the subject of the decision in the case of *F. W. Woolworth Co. et al.* v. *United States* (Reap. Dec. 5094).

(3) That the market conditions existing during the period of exportation of the articles in question were similar, if not identical, to the

conditions found to be prevailing in the foreign market as described in the *Woolworth Co.* case, *supra.*

(4) That the record in the *Woolworth Co.* case, *supra*, may be incorporated in and made a part of the record in the present cases.

On the agreed facts, as hereinabove set forth, I find that on the dates of exportation of the instant merchandise Christmas-tree ornaments, such as and similar to those involved herein, were freely offered for sale to all purchasers in the principal market of the country of exportation, to wit, the Sonneberg-Lauscha district of Germany, in the usual wholesale quantities and in the ordinary course of trade for consumption in Germany and for exportation to the United States and other countries.

Accordingly, I hold as matter of law:

(1) That the proper dutiable foreign and export values of the Christmas-tree ornaments exported prior to January 1, 1938, are the *per se* unit invoice prices, and

(2) That the proper dutiable foreign and export values of the Christmas-tree ornaments exported subsequent to January 1, 1938, are the *per se* unit invoice prices, plus 3½ per centum social assessments, and

As to all the foregoing, plus, when not included in such *per se* unit invoice prices, the costs of cases and packing and the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, as invoiced, whenever reported as dutiable by the appraiser.

The appeals having been abandoned insofar as they relate to all other merchandise, to that extent the appeals are hereby dismissed. Judgment will be rendered accordingly.